# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILLIAM ROBINSON,<br><br>    Plaintiff,<br><br>  v.<br><br>ARNOLD SCHWARZENGGER, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-00349-OWW-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S REQUESTS FOR JUDICIAL NOTICE, REQUESTS FOR PRELIMINARY INJUNCTION, AND REQUESTS FOR SANCTIONS<br><br>(Docs. 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 32)<br><br>THIRTY-DAY DEADLINE |

**I. Procedural History**

  Plaintiff James William Robinson ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed in Superior Court of the State of California on December 11, 2008. (Doc. 1-2.) On February 20, 2009, Defendants removed the action to federal Court. (Doc. 1.)

  Plaintiff filed a request for judicial notice on October 2, that he was being denied a means to exhaust his administrative remedies and was being fed unwholesome food. (Doc. 11, p. 1.) On September 8 and 15, 2009, food services provided a "soy country breakfast meal." (Id. at 7.) Plaintiff's inmate appeal was returned because Plaintiff failed to include supporting documents. (Id. at 4.) On October 19, 2009, Plaintiff filed a request for judicial notice that his legal correspondence was being read outside his presence. (Doc. 12, p. 1.) Additionally, Plaintiff requests the Court to take judicial notice that he "was indeed single[d] out for preferential treatment in regards to [p]osting mail

1

1 within the Sierra Conservation Center." (Doc. 13, p. 1.)

2     On December 14, 2009, Plaintiff filed a request for judicial notice of the continued retaliation.
3 On November 25, 2009, he was experiencing severe debilitating back spasms and Defendant Von
4 Sayoye told him to pick up two thirty two gallon garbage cans and take them to the back dock. (Doc.
5 15, pp. 1-2.)   Additionally, the Attorney General had not offered a resolution to his numerous
6 complaints. (Id. at 2.)

7     On January 15, 2010, Plaintiff filed a request for judicial notice and preliminary injunction
8 because the librarian, Mike Parsons, was committing acts of harassment, intimidation and violence.
9 (Doc. 16, p. 1.) On February 18, 2010, Plaintiff filed a request for judicial notice that he sought to
10 file a claim with the Government Claim Board of California on February 11, 2010, and Eddie
11 Pendergrass, Mailroom Supervisor, opened the mail outside his presence. (Doc. 17, p. 1.) On March
12 2, 2010, Plaintiff filed a request for judicial notice that J. Walker "sought to infect the health of
13 plaintiff with unsafe medical practice." (Doc. 18, p. 1.)

14     On April 22, 2010, Plaintiff filed a request for judicial notice that the associate warden
15 published an "underground policy" for librarian Mitch Lindenbaum that prohibits Plaintiff from
16 submitting claims by not allowing him to copy documents that other, non African American inmates,
17 are allowed to copy. (Doc. 19, pp. 1-2.) Additionally, Plaintiff requests sanctions, because, although
18 Defendants admit to having opened his mail out of his presence and they have retrained mailroom
19 staff, he continues to have his confidential mail opened outside of his presence. (Doc. 20, p. 2.)

20     Plaintiff filed a request for a preliminary injunction on May 13, 2010. (Doc. 21.) On May 1,
21 2010, Plaintiff brought a box of his legal paperwork to the chow hall.  Correctional Officer B.
22 Ledbetter threatened, "in a hostile tone," to throw his paperwork away because he wasn't to have it
23 in the chow hall. (Id. at 3-4.) Plaintiff requests an injunction to prevent any misappropriation of his
24 legal documents, enjoin any further threats or retaliation, a hearing to be set, enjoin further frustration
25 of Plaintiff's attempts to redress his grievances with state and federal officials, and monetary
26 sanctions of $500 per day until Plaintiffs are in compliance with the Court's order. (Id. at 6.)

27     On July 1, 2010, Plaintiff filed a request for judicial notice that Registered Nurse Ownes
28 continues to distribute medication prescribed to Plaintiff "in a sadistic manner." (Doc. 22, p. 1.) On

July 2, 2010, Plaintiff filed a request for judicial notice that on June 28, 2010, while he was exiting the library, Defendant Von Savoye, who was standing with fellow officers, said, "Hey[.] Look, that's him right there." (Doc. 23, pp. 1, 2.) Plaintiff alleges this was intended "to bring some sort of malicious sadistic harm to [P]laintiff." (Id. at 2.) Also, when Plaintiff attempted to go back to the library to ensure that certain documents were secured, Defendant Von Savoye shouted, "Robinson[,] I told you to return to the yard, you don't have a pass for the library." (Id. at 3.) Plaintiff requests $5,000 for each violation. (Id.)

On July 9, 2010, Plaintiff filed a request for judicial notice that his legal mail was continuing to be opened outside of his presence. (Doc. 24, p. 1.) On July 15, 2010, Plaintiff filed a request for judicial notice and an injunction due to his confidential mail being opened and refusal to post his legal mail. (Doc. 25, p. 1.) On August 11, 2010, Plaintiff filed a request for judicial notice that he is being denied access to the law library. (Doc. 27, p. 1.) On September 23, 2010, Plaintiff filed a request for judicial notice and request for a court order due to his having placed his legal documents in the mail delivery system on September 8, 2010, addressed to the Los Angeles Mission. On September 17, 2010, Correctional Officer Sinclair asked him what he wanted done with the box.

**II.     Discussion**

    **A.     Judicial Notice**

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiffs' requests for judicial notice are not facts that would be subject to judicial notice and are denied.

    **B.     Preliminary Injunction**

The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the

court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Additionally, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Since Plaintiff is no longer incarcerated, the injunctive relief he is seeking is moot and his requests for injunctive relief and sanctions are denied.

### III. Conclusion and Recommendation

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's requests for judicial notice, requests for preliminary injunction, and requests for sanctions be denied. (Docs. 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 32.)

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 30, 2010

UNITED STATES MAGISTRATE JUDGE