# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILLIAM ROBINSON, | CASE NO. 1:09-cv-00349-OWW-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| v. | |
| ARNOLD SCHWARZENGGER, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.  Screening Requirement**

Plaintiff James William Robinson ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed in Superior Court of the State of California on December 11, 2008. (Doc. 1-2.) On February 20, 2009, Defendants removed the action to federal Court. (Doc. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     Complaint Allegations

Plaintiff is currently residing in Los Angeles, California. The incidents in the complaint occurred while he was incarcerated at the Sierra Conservation Center in Jamestown, California.[1] Sometime in 2007, Plaintiff was participating in a Freedom of Choice event with homosexual inmates. Defendant Van Savoye allegedly began making comments to incite other inmates against the participants. As a result of her actions, Plaintiff alleges that many inmates were threatened with harm. (Doc. 1-2, Comp., pp. 4-5.) Due to Plaintiff's participation in the event, he alleges that Defendant Van Savoye began to retaliate against him.

On December 20, 2007, while Plaintiff was waiting with other inmates for his dorm to be opened up, Defendant Van Savoye told them that they could blame Plaintiff for what was going to be happening to their dorm. She then told Plaintiff that he was going to be her personal project from this day forward. Plaintiff filed a grievance and sent a letter to the warden stating that based upon

---

[1] Plaintiff's complaint refers to multiple attachments which are not included. On August 3, 2010, Defendants filed a declaration, in response to a request from the Clerks Office, that Tuolumne County verified that the complaint they received did not contain any attachments. (Doc. 26.) Plaintiff filed a declaration on August 26, 2010, stating he mailed the complaint and attachments to Tuolomne County on December 8, 2008. (Doc. 28.)

1  this incident he felt threatened. (Id., pp. 5-6.) Defendant Van Savoye continued to taunt Plaintiff,
2  searching him and his belongings, and speaking "reproachfully" about him to other inmates. (Id.,
3  p. 7.)
4        Plaintiff sent a second letter to Defendant Cate that prompted Plaintiff to be moved to a
5  different dorm. Plaintiff complains that Defendant Von Sayoye was left to "terrorize" the occupants
6  of the dorm. (Id.) Plaintiff also sent a letter to the Attorney General and Defendant Cate regarding
7  these incidents. (Id., pp. 7-8.) Defendant Cate advised Plaintiff to contact the Office of Internal
8  Affairs. When Plaintiff sent a letter to the ombudsman it was returned to him several days later, on
9  June 19, 2008, with a notice attached that it could not be sent out as confidential. Plaintiff resent the
10 letter on June 25, 2008. (Id., p. 8.) Plaintiff received a response back from the ombudsman on
11 August 7, 2008, stating that the institution had been consulted and corrected the policy of prohibiting
12 inmates to correspond confidentially with Governor appointed officials. The mailroom has
13 continued to prohibit Plaintiff from mailing confidential information to Governor appointed offices.
14       On June 9, 10 and 11, 2008, in retaliation, Defendant Von Savoye denied Plaintiff access to
15 the prison library so he could meet a court deadline in his state case. (Id., p. 9.) On June 12, 2008,
16 she took away his assigned legal pass and confined him to his dorm for no reason. (Id., pp. 9, 10.)
17 Due to this denial of access to the law library his state court cases has been "tremendously hindered."
18 (Id., p. 10.) Sgt. Nelson attempted to have Plaintiff "keya [sic] by the medical department," but they
19 declined instead referring him to the chief medical psychologist. On June 26, 2008, Defendant Van
20 Savoye told Plaintiff to pack his things and she escorted him to Mental Health to participate in the
21 mental health program in spite of his protests. (Id.)
22       Plaintiff brings suit against Defendants Arnold Schwarzengger, Matthew Cate, I. Clay, L.
23 Von Savoye, and Does 1-10, seeking monetary damages. For the reasons set forth below, the
24 complaint fails to state a cognizable claim for a violation of Plaintiff's constitutional rights. Plaintiff
25 shall be given the opportunity to file an amended complaint curing the deficiencies described by the
26 Court in this order.
27 **III.     Discussion**
28     **A.     First Amendment Retaliation**

1    A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation
2 under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of
3 retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a
4 state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected
5 conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and
6 (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408
7 F.3d 559, 567 (9th Cir. 2005). A plaintiff suing for retaliation under section 1983 must allege that
8 "he was retaliated against for exercising his constitutional rights and that the retaliatory action does
9 not advance legitimate penological goals, such as preserving institutional order and discipline."
10 Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).

11    Plaintiff's allegations that Defendant Von Savoye taunted him and spoke harshly about him
12 to others is insufficient to establish adverse action for a First Amendment violation. Rhodes, 408
13 F.3d at 569. While Plaintiff claims that his legal pass was taken away and that he and his cell were
14 searched by Defendant Von Savoye, he has failed to allege that there was no legitimate correctional
15 purpose for any actions taken by Defendant. Pratt, 65 F.3d at 808. Therefore, Plaintiff has failed
16 to state a cognizable claim.

17    **B.    Fourteenth Amendment Due Process**

18    The Due Process Clause protects against the deprivation of liberty without due process of
19 law. Wilkinson v. Austin, 545 U.S. 209 (2005). In order to state a cause of action for a deprivation
20 of due process, a plaintiff must first identify a liberty interest for which the protection is sought. The
21 Due Process Clause does not confer a liberty interest in freedom from state action taken within a
22 prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may
23 "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84.
24 A prisoner has a liberty interest protected by the Due Process Clause only where the restraint
25 "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of
26 prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

27    There is a liberty interest in communication by mail that is protected by the Fourteenth
28 Amendment. Procunier v. Martinez, 416 U.S. 396, 418 (1974) overruled on other grounds by

Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989); Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Prison officials may examine a prisoner's mail without infringing upon his constitutional rights. United States v. Wilson, 447 F.2d 1, 8 n. 4 (9th Cir. 1971). Additionally, officials may censor outgoing mail if the regulation furthers a substantial governmental interest of security, order, and rehabilitation and the regulation is no greater than necessary to protect the governmental interest involved. Procunier, 416 U.S. at 414-15. The regulation does not need to satisfy a "least restrictive means" test. Witherow, 52 F.3d at 265.

Plaintiff's allegations do not link any Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Iqbal, 129 S. Ct. at 1948. Plaintiff's statement that he was being prohibited from sending confidential mail to government officials is insufficient to state a cognizable claim.

### C. Access to Law Library

To the extent that Plaintiff attempts to state a claim for denial of access to the law library, he has failed to state a cognizable claim. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010). The right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

Plaintiff's allegation that his state case was "tremendously hindered" by his being denied access to the law library from June 9-12, 2008, is insufficient to show that he suffered any actual injury, Christopher, 536 U.S. at 415, in a criminal appeal, habeas petition, or civil rights action, Lewis, 518 U.S. at 354.

## IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507

1 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

2   Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

   Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

   Based on the foregoing, it is HEREBY ORDERED that:

   1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

   2. Plaintiff's complaint, filed February 20, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

   3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

   4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

   IT IS SO ORDERED.

Dated:   December 6, 2010

UNITED STATES MAGISTRATE JUDGE