1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JAMES WILLIAM ROBINSON,                CASE NO. 1:09-cv-00349-OWW-GBC (PC)

10                          Plaintiff,     ORDER TO SHOW CAUSE FOR FAILURE
                                           TO COMPLY THE COURT'S DECEMBER
11          v.                             6, 2010 SCREENING ORDER

12   ARNOLD SCHWARZENEGGER, et al.,        (ECF No. 35)

13                          Defendants.    PLAINTIFF MUST SHOW CAUSE OR FILE
                                           AN AMENDED COMPLAINT BY JUNE 27,
14   _____ /    2011

15

16                              **ORDER**

17          Plaintiff James William Robinson is a former state prisoner proceeding pro se in this

18   civil rights action pursuant to 42 U.S.C. § 1983.  On December 6, 2010, the Court screened

19   Plaintiff's Complaint and found that it failed to state any claims upon which relief could be

20   granted.  (ECF No. 35.)  The Court dismissed Plaintiff's Complaint and ordered him to file

21   an amended complaint within thirty days.  (Id.)  Plaintiff was warned that failure to comply

22   with the Court's Order may result in dismissal of this action for failure to state a claim upon

23   which relief could be granted.  (Id.)

24          Local Rule 11-110 provides that "failure of counsel or of a party to comply with these

25   Local Rules or with any order of the Court may be grounds for the imposition by the Court

26   of any and all sanctions . . . within the inherent power of the Court."  District courts have

27   the inherent power to control their dockets and "in the exercise of that power, they may

28   impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v.

                                            1

Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

After receiving two extensions of time to file an amended complaint, Plaintiff has not filed an amended complaint or otherwise responded to the Court's December 6, 2010 Screening Order and well in excess of thirty days has passed. Accordingly, not later than **June 27, 2011**, Plaintiff shall either file an amended complaint or show cause as to why his case should not be dismissed.

Plaintiff is hereby on notice that failure to comply with this Order will result in dismissal of this action for failure to prosecute and failure to state a claim upon which relief could be granted.

IT IS SO ORDERED.

Dated:   May 20, 2011

_____
UNITED STATES MAGISTRATE JUDGE