1
2
3
4
5
6
7      UNITED STATES DISTRICT COURT
8      EASTERN DISTRICT OF CALIFORNIA
9
10   JAMES WILLIAM ROBINSON,            CASE NO.    1:09-cv-00349-AWI-GBC (PC)

11              Plaintiff,              ORDER TO SHOW CAUSE FOR FAILURE
12   v.                                TO COMPLY WITH THE COURT'S ORDER

13   ARNOLD SCHWARZENEGGER, et al.,     RESPONSE DUE BY OCTOBER 24, 2011

14              Defendants.
15   _____/
16
                              **ORDER**
17

18         Plaintiff James William Robinson ("Plaintiff") is a former state prisoner proceeding

19   pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 22, 2011, the

20   Court granted Plaintiff's Motion to file a second amended complaint.  (ECF No. 45 & 46.)

21   Plaintiff's Second Amended Complaint was due by September 26, 2011.  (Id.)  To date,

22   Plaintiff has not filed a second amended complaint.

23         Local Rule 11-110 provides that "failure of counsel or of a party to comply with these

24   Local Rules or with any order of the Court may be grounds for the imposition by the Court

25   of any and all sanctions . . . within the inherent power of the Court."  District courts have

26   the inherent power to control their dockets and "in the exercise of that power, they may
27

impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

Plaintiff has not filed a second amended complaint or otherwise responded to the Court's Order and more than thirty days have passed. Accordingly, not later than **October 24, 2011**, Plaintiff shall either file a second amended complaint, notify the Court that he is no longer filing a second amended complaint and would like the first amended complaint screened, or show cause as to why his case should not be dismissed.

Plaintiff is hereby on notice that failure to comply with this Order will result in dismissal of this action for failure to prosecute and failure to obey a court order.

IT IS SO ORDERED.

Dated:    October 3, 2011

UNITED STATES MAGISTRATE JUDGE